Tbe opinion of tbe Court was delivered by
O’Nball, J.
The plaintiff’s ground of appeal as set down in tbe report cannot avail bim. For be could not under bis general demurrer draw in question tbe point wbicb be wished, to wit, that tbe plea did not state tbe termini. For bis demurrer admitted tbe character of tbe road, a private path, wbicb is a public way, and along wbicb tbe defendant bad tbe right to pass and remove all obstructions.
If tbe termini ought to bave been stated, it was not matter of substance but was merely of form, and was tbe subject of special demurrer. A general demurrer does not raise such questions. It merely questions whether tbe plea in substance is good. But it is very clear in a plea to a civil action, it is not necessary to set out tbe termini of a public way. This tbe plaintiff concedes: but now insists, that be ought to be allowed to withdraw bis demurrer and reply. But this cannot be done. The judgment bas been pronounced against bim. Tbe Court can merely say whether it is right! Tbe case of McFarlan, vs. Dean, Cheves., 64, pointed out tbe distinction between tbe judgments on special and general demurrer. In tbe former tbe judgment was respondeat ouster, or to amend on payment of costs; in tbe latter, that it was final. Tbe case of Moore vs. Burbage, 2 McMull. 169, recognised *372 tbe distinction and solemnly settled, that the judgment on general demurrer was final.
It is so here, and the plaintiff has been caught in his own trap. Prom the statements made at the bar, we are glad that it will work no injury to the plaintiff beyond the payment of costs, which is perhaps not an inappropriate penalty upon those, who unadvisedly resort to technical precision to cut off an adversary’s rights.
The motion is dismissed. '
Whither, Glover and MüNRO, JJ., concurred.

Motion dismissed.